UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TRIPIFOODS, INC.,

                              Plaintiff,

                                                              Case # 15-CV-00556-FPG-LGF

v.

                                                               DECISION AND ORDER

SAMIR'S MARKET,
f/k/a/ Samir Maret d/b/a Lotto World, and
ABDUL JABBAR,
a/k/a Abdul J. Alquraishi, a/k/a Addul Alquraishi

                              Defendants.

## INTRODUCTION

Plaintiff Tripifoods, Inc. ("Tripifoods") brought this action against Defendants Samir's Market f/k/a Samir Market d/b/a Lotto World ("Samir's Market") and Abdul Jabbar a/k/a Abdul J. Alquraishi a/k/a Abdul Al-Quraishi ("Abdul Jabbar" or "Jabbar") on May 6, 2015 in the Supreme Court for the County of Erie. ECF No. 1. Subsequently, Defendants filed a Notice of Removal in this court based on diversity jurisdiction.[1] *Id.*

Tripifoods alleges that Samir's Market materially breached and defaulted under a contractual arrangement between the parties. *Id.* Tripifoods also alleges that Jabbar materially breached and defaulted as guarantor for Samir's Market under a personal and continuing guaranty agreement. *Id.* For those reasons, Tripifoods seeks to recover principal and interest under the contract, to enforce the guaranty, and to recover attorney's fees incurred in this action.

---

[1] Abdul Jabbar is a resident of the Commonwealth of Pennsylvania. ECF No.1. Samir's Market is located in Erie, Pennsylvania and registered with the Pennsylvania Department of State. *Id.* Tripifoods is incorporated in the State of New York with its headquarters and principal place of business in Buffalo, New York. *Id.*

On April 15, 2016, Tripifoods moved for summary judgment.  ECF No. 14.  To date, Defendants have not responded to that motion.  For the reasons stated below, Tripifoods's Motion for Summary Judgment is granted.

**DISCUSSION**

**I.      Summary Judgment**

A motion for summary judgment should be granted where the moving party shows that "there is no genuine dispute as to any material fact" and that the moving party "is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A fact is material if it "might affect the outcome of the suit under the governing law . . . ."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  And a dispute regarding such a fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Id.*  Thus, when presented with a motion for summary judgment, the Court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id.* at 251-52.

The burden of establishing that no genuine and material factual dispute exists is on the moving party.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).  To that end, the Court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party.  *See Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003).  That is not to say that the non-moving party bears no burden.  Rather, the non-moving party "must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P. 56(e).  To wit, where the non-moving party fails to respond to a motion for summary judgment, "the court may consider as undisputed the facts set forth in the moving party's affidavits."  *Gittens v. Garlocks Sealing Technologies*, 19 F. Supp. 2d 104, 109 (W.D.N.Y. 1998).

To be clear, the non-moving party's failure to respond to a motion for summary judgment does not itself justify granting summary judgment. *Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001) (noting that, even where the non-moving party "chooses the perilous path of failing to submit a response to a summary judgment motion," the court "may not grant the motion without first examining the moving party's submission to determine if it has met its burden"). The Court must be satisfied that the moving party's assertions are supported by citations to evidence in the record. *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004). And the motion may be granted "only if the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996) (internal quotation marks omitted).

## II.   The Material Facts

In compliance with Rule 56(b) of the Local Rules of Civil Procedure for the Western District of New York, Tripifoods filed a Statement of Material Undisputed Facts with their Motion for Summary Judgment. ECF No. 14. Defendants have not filed an opposing statement. For that reason, the Court considers Tripifoods's Rule 56 Statement undisputed. *See* L. R. Civ. P. 56(a)(2) ("Each numbered paragraph in the moving party's statement of material facts may be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."). That undisputed statement establishes the following:

1.  Defendants, Samir's Market and Abdul Jabbar, opened a credit account with Tripifoods. ECF No. 14-1 ¶ 1.

2.  Defendants failed to pay the outstanding balance of $255,769.77 on that account. *Id.* at ¶ 2.

The attachments to Tripifoods's Motion for Summary Judgment tell a more complete story. Included in Tripifoods's submissions are the affidavits of Andrew Kenlon, the controller of Tripifoods, and Joseph Montagnola, the attorney for Tripifoods. ECF No. 14-2; ECF No.14-12. Also included are several exhibits evidencing the transactions that occurred between the parties. *See* ECF No. 14. Those documents set forth the following:

1. On June 6, 2008, defendant Abdul Jabbar, owner of Samir's Market, executed and submitted to Tripifoods a document titled "Check Acceptance Form." ECF No. 14-13. This form included a credit application and personal guaranty. *Id.*

2. The application provides that Samir's Market was applying "to secure the extension of credit by Tripifoods, Inc. . . . ." *Id.*

3. The personal guaranty provides that Jabbar "personally guarantee[s] proper payment in consideration of credit." *Id.* Additionally, it provides that the guaranty "is a continuing guaranty relating to any indebtedness, including that arising under successive transactions" and that Jabbar "agree[s] to bind [him]self personally and on behalf of [his] company to pay [Tripifoods], on demand, any sum which may come due to [Tripifoods] by the business whenever the business shall fail to pay [the] same." *Id.* Lastly, the guaranty provides that, "[s]hould collection procedures be instituted, [Jabbar] agree[s] to pay all costs plus a reasonable attorney's fee." *Id.*

4. In reliance on the credit application and personal guaranty, Tripifoods opened a credit account for Samir's Market. ECF No. 14-1 ¶ 2.

5. Between June 6, 2008 and October 9, 2013, Tripifoods delivered groceries and other supplies to Samir's Market. ECF No. 14-13. Occasionally, Jabbar picked

up groceries and other supplies from Tripifoods's "cash and carry" location in

Erie, Pennsylvania. *Id.* Tripifoods would apply the cost of those groceries and

other supplies to Samir's Market's credit account. ECF No. 14-1 ¶ 3; ECF No.

14-12 ¶¶ 11, 13, 19-20; ECF No. 14-21. And over time, Samir's Market accrued

an outstanding balance of $255,769.77 on its credit account. *Id.*

6. Between June 6, 2008 and October 9, 2013, Tripifoods provided various invoices

to Defendants.   First, Tripifoods provided invoices detailing Defendants'

purchases and demanding payment of the outstanding account balance. ECF No.

14-12 ¶¶ 7-8; ECF No. 14-14; ECF No. 14-15; ECF No. 14-16.   Second,

Tripifoods provided supplemental invoices notifying Defendants of bad checks

received by Tripifoods from Defendants. ECF No. 14-12 ¶ 9; ECF No. 14-17.

Third, Tripifoods provided Recap Statements summarizing open invoices. ECF

No. 14-12 ¶ 10; ECF No. 14-18; ECF No. 14-19; ECF No. 14-20.

7. Despite receipt of those invoices, Defendants have not made payments toward the

outstanding balance. ECF No. 14-1 ¶ 3; ECF No. 14-21.

## III.    Choice of Law

A federal court sitting in diversity must apply the choice of law rules of the forum state to

determine what substantive law governs the dispute. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*,

313 U.S. 487, 496-97 (1941). As an initial matter, the State of New York's choice of law rules

give effect to contractual choice of law provisions. *See Finance One Pub. Co. Ltd. v. Lehman

Bros. Special Fin., Inc.*, 414 F.3d 325, 335 (2d Cir. 2005). While the parties in this case

executed a security agreement that contains a New York choice of law provision, Tripifoods has

not sought to enforce that agreement.  ECF No. 1.  And the agreement that Tripifoods has sought to enforce does not contain a choice of law provision.  *See* ECF No. 14-13.

In the absence of a choice of law provision, New York law allows courts to infer that the parties have agreed to apply the law of the forum state.  *See, e.g.*, *Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000).  Courts can draw such an inference when the parties to a dispute assume in their submissions to the court that the law of the forum state controls.  *Id.* However, here the parties have not cited or referred to any state law in their submissions.  As a result, there is no indication that the parties have implicitly consented to the application of New York law.  For that reason, the Court must conduct a choice of law analysis.  *See id.*

The first step in New York's choice of law analysis is "to determine whether there is an actual conflict between the laws of the jurisdictions involved."  *Globalnet Financial.com, Inc. v. Frank Crystal & Co.*, 449 F.3d 377, 382 (2d Cir. 2006).  An actual conflict exists where there are "relevant substantive differences that could have a significant impact on the outcome of the case."  *Finance One Pub. Co. Ltd., v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 332 (2d Cir. 2005).  If a conflict exists, the second step of the analysis is to determine which jurisdiction has the greatest interest in the claim.  *Philips Credit Corp. v. Regent Health Group, Inc.*, 953 F.Supp. 482, 502 (S.D.N.Y. 1997) ("[T]he law of the jurisdiction having the greatest interest in the litigation controls.").  If no conflict exists, the court should apply the law of the forum. *Alitalia Linee Aeree Italiane, S.P.A. v. Airline Tariff Pub. Co.*, 580 F. Supp. 2d 285, 290 (S.D.N.Y. 2008) (citing *Excess Ins. Co. v. Factory Mut. Ins. Co.*, 2 A.P.3d 150, 151 (1st Dep't 2003) (N.Y.App.Div. 2003).

The jurisdictions involved in this case include New York (the forum state and the state of incorporation and principle place of business of Tripifoods) and Pennsylvania (the place where

the contract was performed and Defendants' domicile, residence, and principal place of

business).   Under the laws of both states, the elements of a breach of contract claim are

essentially the same.  *Cf. U.S. Nonwovens Corp. v. Pack Line Corp.*, 4 N.Y.S.3d 868, 872 (N.Y.

Sup. Ct. 2015) ("[T]he elements of a cause of action for breach of contract are (1) formation of a

contract between plaintiff and defendant, (2) performance by plaintiff, (3) defendant's failure to

perform, (4) resulting damage.") *with Meyer Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law

Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016) ("[T]hree elements are

necessary to plead a cause of action for breach of contract: (1) the existence of a contract,

including its essential terms, (2) a breach of the contract, and (3) resultant damages.").  Because

no actual conflict exists, New York law applies.  *See Alitalia Linee Aeree Italiane*, 580 F. Supp.

2d at 290.

## IV.     Liability

Tripifoods argues that summary judgment is appropriate because the evidence

conclusively establishes that the parties entered into an agreement and that Defendants breached

that agreement.  ECF No. 14.  The Court agrees.

Under New York law, "a breach of contract claim requires proof of (1) an agreement, (2)

adequate performance by the plaintiff, (3) breach by the defendant, and (4) damages."  *Fischer &

Mandell, LLP v. Citibank, N.A.*, 632 F.3d 793, 799 (2d Cir. 2011).   Summary judgment is

appropriate where the terms of the contract are unambiguous or where extrinsic evidence

resolves any ambiguity.  *Topps Co. v. Cadbury Stani S.A.I.C.*, 526 F.3d 63, 68 (2d Cir. 2008).

Here, it is undisputed that the parties had an agreement under which Samir's Market and

Abdul Jabbar opened a credit account with Tripifoods.  ECF No. 14-1 ¶ 1.  Defendants submitted

a credit application and personal guaranty to Tripifoods.  ECF No. 14-13.  The language in the

application unambiguously provides that Samir's Market was applying to Tripifoods "to secure the extension of credit." ECF No. 14-13.   Further, the language in the guaranty agreement provides that Jabbar "personally guarantee[s] proper payment in consideration of credit." *Id.*

Additionally, it is undisputed that Tripifoods adequately performed its obligation under the agreement and that Defendants did not. ECF No. 14-1 ¶ 2.   Between June 6, 2008 and October 9, 2013, Tripifoods provided Samir's Market with groceries and other supplies. ECF No. 14-12 ¶¶ 7-8; ECF No. 14-14; ECF No. 14-15; ECF No. 14-16.   Tripifoods also provided Defendants with invoices detailing their purchases.   ECF No. 14-12, ¶¶ 7-8; ECF No. 14-14; ECF No. 14-15; ECF No. 14-16; ECF No. 14-18; ECF No. 14-19; ECF No. 14-20.   Despite that, it is undisputed that Defendants have failed to make payments on the outstanding balance of $255,769.77.  ECF No. 14-1 ¶ 2.

Finally, it is undisputed that Defendants' breach has resulted in damages to Tripifoods in the amount of $255,769.77.  ECF No. 14-1 ¶ 2.  The invoices and Recap Statements included in Tripifoods's submissions document those damages.   ECF No. 14-12 ¶¶ 7-8; ECF No. 14-14; ECF No. 14-15; ECF No. 14-16, ECF No. 14-18; ECF No. 14-19; ECF No. 14-20.

## V.    Affirmative Defenses

Defendants assert in their Answer that they are entitled to certain affirmative defenses. ECF No. 3.  However, they have failed to submit any evidence that would raise a genuine issue of fact as to the existence of those defenses. *Overall v. Estate of L.H.P. Klotz*, 52 F.3d 398, 403 (2d Cir. 1995) (noting that the defendant bears the burden of proof on affirmative defenses). Defendants' Answer only makes conclusory statements of law in connection with those affirmative defenses, ECF No. 3, and as previously stated, Defendants have not submitted any materials in response to Tripifoods's Motion for Summary Judgment.    Defendant's

unsubstantiated and conclusory statements cannot defeat Plaintiff's Motion for Summary Judgment. *See Shechter v. Comptroller of City of New York*, 79 F.3d 265, 270 (2d Cir. 1996) ("Affirmative defenses which amount to nothing more than mere conclusions of law and are not warranted by any asserted facts have no efficacy.").

## V.      Attorney's Fees

In addition to an award for damages, Tripifoods has asked for reasonable attorney's fees. Under New York law, a successful litigant may recover reasonable attorney's fees if a governing contract or statute provides for such recovery. *See Chapel v. Mitchell*, 84 N.Y.2d 345, 349 (1994). The agreement in this case provides that, "[s]hould collection procedures be instituted, [Jabbar] agree[s] to pay all costs plus a reasonable attorney's fee." ECF No. 14-1, ¶ 2. Relying on that language, Tripifoods has requested $65,942.44.

Factors considered in determining the reasonableness of an award of attorney's fees include "the time, effort and skill required; the difficulty of the questions presented; the responsibility involved; counsel's experience, ability and reputation; the fee customarily charged in the locality; and the contingency or certainty of compensation." *Hinman v. Jay's Village Chevrolet Inc.*, 239 A.D.2d 748, 749 (3rd Dep't 1997). Because fee-shifting clauses can produce perverse incentives for litigants and their attorneys, "courts must scrutinize fee requests to ascertain whether they are reasonable." *Diamond D. Enterprises USA, Inc. v. Steinsvaag*, 979 F.2d 14, 18 (2d Cir. 1992).

In this case, Tripifoods has provided no documentation to demonstrate the reasonableness of that request. Because this case involves a simple breach of contract claim—requiring Plaintiff's counsel to write a two-page-long complaint and a three-page-long memorandum of law in support of summary judgment—the Court finds that $65,942.44 appears to be excessive.

And because Tripifoods has not provided the Court with any time records or other documents that would permit the Court to award any amount of attorney's fees, Tripifoods's request for attorney's fees is denied.

### CONCLUSION

For the reasons stated above, Plaintiff's Motion for Summary Judgment, ECF No. 14, is GRANTED and the Clerk of Court is directed to enter judgment in favor of Tripifoods Incorporated against Samir's Market and Abdul Jabbar in the amount of $292,438.08 ($255,769.77 in damages, $36,326.31 in pre-judgment interest under N.Y. CPLR § 5004, and $342.00 in costs) and to close this case.

IT IS SO ORDERED.

Dated: December 7, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court